## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LATEAR BRINSON,<br>1700 Rhode Island Ave. NE<br>Washington, DC 20018<br><br>      Plaintiff,<br><br>    v.<br><br>CORELOGIC RENTAL PROPERTY<br>SOLUTIONS, LLC,<br><br>SERVE: Corporation Services Company<br>    1090 Vermont Ave, NW<br>    Washington, D.C. 20005<br><br>      Defendant. | Civil Action No.  1:20-cv-796 |

## COMPLAINT

The, Plaintiff, LATEAR BRINSON, by counsel, brings the following Complaint against the Defendant, CoreLogic Rental Property Solutions, LLC, and in support thereof, she states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against the Defendant, CoreLogic Rental Property Solutions, LLC ("CoreLogic"), for its violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

2. CoreLogic is a consumer reporting agency that prepares and assembles consumer reports regarding consumers that it sells to its customers. These reports are geared towards a consumer's ability to pay rent and includes not only traditional credit information, but also criminal background information and prior rental history, including prior eviction and landlord-

tenant cases. CoreLogic markets these reports to landlords, which, upon information and belief, are the majority of CoreLogic's customer base.

3. The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added).

4. In this case, CoreLogic reported thirteen landlord-tenant cases in Plaintiff's consumer report that it sold to her potential landlord, but failed to include the current status of those records—that each case had been dismissed without any judgment taken against the Plaintiff. This incomplete and misleading—and therefore inaccurate—information led to Plaintiff's rental application being denied.

5. Despite the public availability of court records that conclusively demonstrate that eviction cases have been dismissed, CoreLogic routinely fails to obtain current information pertaining to the disposition of those cases and publishes harmful, inaccurate, and incomplete "tenant screening" reports about consumers like Plaintiff to potential landlords.

6. Accordingly, Plaintiff alleges claims against CoreLogic for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15 U.S.C. §1681e(b).

## JURISDICTION

7. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

8. The Plaintiff is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

9. Defendant CoreLogic is a Delaware corporation with its principal office located in Poway, California. It is authorized to do business in the District of Columbia and at all times relevant to this Complaint, it was a "credit reporting agency" as defined by 15 U.S.C. §1681a(f).

## FACTS

10. On its website, Defendant CoreLogic represents itself to be "a consumer reporting agency that provides information to the rental property industry. Rental housing providers may obtain your consumer report to assist them in making leasing decisions."[1]

11. Defendant CoreLogic also advises that it maintains information regarding landlord tenant and criminal public record court records, which it obtains from courts and law enforcement agencies in many jurisdictions, and some collection and sub-prime data.[2]

12. Defendant CoreLogic also assembles its consumer reports by including information that it obtains from the three national credit-reporting agencies, Equifax, Experian, and Trans Union.[3]

13. Plaintiff is a single mother who currently lives at a short-term family shelter with her one-year-old son.

14. As a condition of living in the shelter, Plaintiff has to be actively engaged in seeking permanent housing for her family.

15. Plaintiff applied for permanent housing through the D.C. Department of Human Services.

---

[1] https://www.corelogic.com/solutions/rental-property-solutions-consumer-assistance.aspx
 (last visited Mar. 23, 2020).
[2] *Id.*
[3] *Id.*

16. As part of its regular application process, the D.C. Department of Human Services requested Plaintiff's consumer report from Defendant CoreLogic.

17. On or around September 18, 2019, Defendant CoreLogic sold Plaintiff's consumer report to the D.C. Department of Human Services.

18. CoreLogic's consumer report regarding the Plaintiff included thirteen landlord-tenant actions in which the Plaintiff had been a defendant and sued by prior landlords for allegedly failing to pay rent.

19. This reporting was incomplete, misleading, and inaccurate.

20. For example and without limitation, each of the case's description was listed as "case filed."

21. However, CoreLogic's report failed to list the current status of each of these cases—that each of them had been dismissed and that no judgment had been taken against the Plaintiff in any of the cases.

22. Instead, Plaintiff does not have any judgments against her for failing to pay rent.

23. Based on this report, Plaintiff's rental application with the D.C. Department of Human Services was denied, causing her to suffer significant damages.

24. Not only was Plaintiff unable to secure housing for herself and her son, but her status at the family shelter was also endangered due to Plaintiff's inability to secure permanent housing.

25. Plaintiff also suffered significant emotional distress as a result of Defendant's inaccurate report, including stress and anxiety.If CoreLogic had reasonable procedures to ensure the maximum possible accuracy of its consumer reports, it would not have reported inaccurate,

incomplete, and misleading information about Plaintiff's dismissed landlord-tenant cases. CoreLogic's reporting was inconsistent and misleading despite publicly available records.

26. CoreLogic did not consult the readily available court records before reporting the landlord-tenant records. If it had, it would have avoided its error.

27. Instead, CoreLogic chose to rely on stale and incomplete data, which was not up-to-date. CoreLogic likely did this because it was cheaper for CoreLogic to purchase in bulk and static form than to re-check the court data at or near the time of the report.

28. In addition to the conduct set forth above, CoreLogic's willful conduct is further reflected by, *inter alia*, the following:

   a. The FCRA was enacted in 1970; CoreLogic has had 49 years to become compliant;

   b. CoreLogic and its affiliated companies have been repeatedly sued for misreporting public record information.[4]

   c. CoreLogic knew or had reason to know that its conduct was inconsistent with FTC guidance, case law, and the plain language of the FCRA;

   d. CoreLogic voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

   e. If CoreLogic had consulted the publicly available court records, it would have easily discovered that the information it was reporting about Plaintiff was inaccurate. However, CoreLogic failed to do so;

   f. CoreLogic's violations of the FCRA were repeated and systematic.

---

[4] *Witt v. CoreLogic SafeRent, LLC*, 3:15-cv-386 (E.D. Va.); *Taylor v. CoreLogic SafeRent, LLC*, 1:15-cv-1405 (E.D. Va.); *Williams v. CoreLogic Rental Property Solutions, LLC*, No. PX-16-58 (D. Md.); *Henderson v. CoreLogic National Background Data, LLC*, 3:12-cv-97 (E.D. Va.).

29. At all times relevant hereto, CoreLogic's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA. CoreLogic's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and CoreLogic will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

## COUNT ONE:
## Violation of 15 U.S.C. §1681e(b)

30. Plaintiff incorporates all other factual allegations set forth in the Complaint.

31. CoreLogic violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained.

32. As a result of the Defendant's conduct, Plaintiff suffered actual damages including without limitation: housing denial, damage to reputation, embarrassment, humiliation, stress, anxiety, and other emotional and mental distress.

33. The Defendant's violations were willful, rendering it liable for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendant, as requested above; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

                                Respectfully Submitted,
                                **LATEAR BRINSON**

                                By  */s/ Casey S. Nash*
                                          Counsel

Kristi Cahoon Kelly, DC No. 974872
Casey S. Nash, DC No. 1028868
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA  22030
(703) 424-7570 – Telephone
(703) 591-0167 – Facsimile
E-mail:  kkelly@kellyguzzo.com
E-mail: casey@kellyguzzo.com
*Counsel for Plaintiff*