IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LATEAR BRISON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 1:20-cv-00796-JEB |
| | : | |
| CORELOGIC RENTAL PROPERTY SOLUTIONS, LLC, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**JOINT REPORT PURSUANT TO FEDERAL RULE 26(f) AND LOCAL RULE 16.3**

Plaintiff, LaTear Brinson ("Plaintiff"), and Defendant, CoreLogic Rental Property Solutions, LLC ("RPS"), by counsel, hereby submit this Joint Report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3 for review by the Court. The parties' respective counsel conferred by telephone on June 9, 2020, and subsequently communicated via electronic mail. The parties, through counsel, hereby report to the Court as follows:

**Plaintiff's Statement of the Case**

This is a consumer credit case brought for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Plaintiff seeks actual, statutory, and punitive damages against the Defendant. When Plaintiff applied for housing with D.C. Department of Human Services, RPS provided Plaintiff's consumer report as part of the background check process. The consumer report inaccurately reflected that Plaintiff had been a defendant and sued by prior landlords in thirteen landlord-tenant actions for allegedly failing to pay rent. This reporting was incomplete, misleading and inaccurate because RPS failed to report the disposition of each action. Each action was dismissed in favor of the Plaintiff. Plaintiff had no judgments against her for failing to pay rent. RPS's derogatory and inaccurate report regarding the Plaintiff caused her

1

to suffer actual damages, including denial of her ability to secure housing. Accordingly, this lawsuit challenges Defendant's procedures to assure the maximum possible accuracy of its reporting pursuant to 15 U.S.C. § 1681e(b).

**Defendant's Statement of Defenses**

RPS denies that it violated § 1681e(b) of the FCRA. Specifically, RPS maintains and follows reasonable procedures to assure the maximum possible accuracy of the information it reported on Plaintiff, including because RPS relied on reputable sources to obtain the information reported on Plaintiff. RPS further denies that any alleged inaccuracies in the report caused Plaintiff to suffer any of her claimed damages. RPS further denies that it willfully violated § 1681e(b) of the FCRA.

1. **Dispositive Motions**

At this time, the Defendant does not intend to seek dismissal of the Complaint and has answered the Complaint. However, the parties but may separately move for summary judgment upon the completion of discovery.

2. **Joinder of Other Parties**

The parties do not anticipate joining additional parties. Plaintiff may amend her Complaint as a matter of right on or before **July 28, 2020.** After that date, she may amend her Complaint by seeking leave of the Court and complying with the applicable federal and local rules. At this time, the parties do not believe that any of the factual or legal issues can be agreed upon or narrowed.

3. **Assignment to Magistrate Judge**

The parties do not believe that the case should be assigned to a Magistrate Judge for all purposes, including trial.

4. **Prospects of Settlement**

The parties have conferred as to the nature and basis of their claims. The parties have discussed the potential for settlement and intend to continue to explore resolution of the case amongst themselves.

5. **Alternate Dispute Resolution**

The parties may request that this case be referred to a Magistrate Judge for settlement discussions at a later time, if necessary.

6. **Resolution by Summary Judgment**

The Defendant anticipates that it may file a motion for summary judgment at the conclusion of the discovery period. The Parties request that they be allowed to file dispositive motions no later than **February 15, 2021**, which is approximately 60 days after discovery has closed.

7. **Initial Disclosures**

The parties agree that initial disclosures should be exchanged as required by Fed. R. Civ. P. 26(a)(1) on or before **July 21, 2020.**

8. **Extent of Discovery**

The parties propose approximately 200 days to complete discovery. The parties propose that each party should be limited to five non-party depositions and twenty-five interrogatories. If a party later determines there is a need for additional discovery requests, leave to serve additional requests may be granted to the extent consistent with Rule 26(b)(2).

The parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules. The

parties agree to work in good faith to coordinate the manner in which electronically stored information is to be produced.  The close of discovery shall be on **January 15, 2021**.

The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree that communications made after the attorney had been retained in this matter do not need to be stated on any privilege log.  The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production.  Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

**9.  Protective Orders**

Counsel agrees to discuss entry of a stipulated protective order. The parties will work together to agree on a form for a Protective Order and shall comply with the requirements of the Court.

**10. Expert Witness Disclosures**

The deadline for Plaintiff's Rule 26(a)(2) disclosure statements shall be **October 1, 2020** and the deadline for Defendant's Rule 26(a)(2) statements shall be **November 2, 2020**. Rebuttal Disclosures shall be made on or before **November 20, 2020**.

**11. Bifurcation of Trial and/or Discovery**

The Parties do not request discovery or trial be bifurcated.

**12. Date for Pretrial Conference**

The parties request a pretrial conference be scheduled 30 days after the Motion(s) for Summary Judgment are ruled upon. If no summary judgment motions are filed, the parties request

that the pretrial conference be scheduled 30 days after the deadline to file the motions has expired.

### 13. Trial Date

The parties request that the trial date be set at the pretrial conference.

### 14. Discovery of Electronically Stored Information

Electronically stored information and documents may be produced in either electronic or printed form unless electronic form is specifically requested in relation to particular requests. Documents produced in electronic form shall be produced in the format selected by the producing party, unless agreed otherwise by counsel before production.

### 15. Other Matters.

No other matters are appropriate for inclusion in this Report.

**SO STIPULATED.**

Dated: June 16, 2020

        */s/ Kristi C. Kelly*
Kristi C. Kelly (DC Bar No. 974872)
Casey S. Nash (DC Bar No. 1028868)
KELLY GUZZO, PLC
3925 Chain Bridge Rd., Suite 202
Fairfax, VA 22030
Telephone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyguzzo.com
Email: casey@kellyguzzo.com
*Counsel for Plaintiff*


     */s/ S. Moshin Reza*
S. Mohsin Reza (DC Bar No. 985270)
TROUTMAN SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Telephone: (202) 274-1927

Facsimile: (703) 448-6510
E-mail: mohsin.reza@troutman.com

Timothy St. George, *pro hac vice*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: 804-697-1254
Fax: 804-698-1300
Email: timothy.st.george@troutman.com

*Counsel for CoreLogic Rental Property Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to all counsel of record.

    /s/ *Kristi C. Kelly*
Kristi C. Kelly, Esq. (DC Bar No. 974872)
KELLY GUZZO, PLC
3925 Chain Bridge Rd., Suite 202
Fairfax, VA 22030
Telephone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyguzzo.com
*Counsel for Plaintiff*

6